# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES SPOTTED WOLF,<br><br>Defendant. | CR 16-64-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Charles Spotted Wolf (Spotted Wolf) has been accused of violating the conditions of his supervised release. Spotted Wolf admitted all of the alleged violations. Spotted Wolf's supervised release should be revoked. Spotted Wolf should be placed in custody for 10 months, with no supervised release to follow.

## II. Status

Spotted Wolf was found guilty of Burglary on December 15, 2016, following a jury trial. (Doc. 56). The Court sentenced Spotted Wolf to 21 months of custody, followed by 2 years of supervised release. (Doc. 81). Spotted Wolf's current term of supervised release began on March 13, 2019. (Doc. 120 at 1).

**Petition**

The United States Probation Office filed a Petition on April 17, 2019, requesting that the Court revoke Spotted Wolf's supervised release. (Doc. 120). The Petition alleged that Spotted Wolf had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; and 2) by failing to notify his probation officer of a change in residence. United States District Court Judge Brian Morris issued a warrant for Spotted Wolf's arrest on April 17, 2019.

**Initial appearance**

Spotted Wolf appeared before the undersigned for his initial appearance on July 17, 2019. Spotted Wolf was represented by counsel. Spotted Wolf stated that he had read the petition and that he understood the allegations. Spotted Wolf waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

The Court conducted a revocation hearing on July 17, 2019. Spotted Wolf admitted that he had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; and 2) by failing to notify his probation officer of a change in residence.

Spotted Wolf's supervised release violations are Grade C violations. Spotted Wolf's criminal history category is II. Spotted Wolf's underlying offense is a Class C felony. Spotted Wolf could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 20 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Spotted Wolf's supervised release should be revoked. Spotted Wolf should be incarcerated for 10 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Spotted Wolf that the above sentence would be recommended to Judge Morris. The Court also informed Spotted Wolf of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Spotted Wolf that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Spotted Wolf stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That Charles Spotted Wolf violated the conditions of his supervised release by failing to report to his probation officer as directed, and by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS**:

> That the District Court revoke Spotted Wolf's supervised release and commit Spotted Wolf to the custody of the United States Bureau of Prisons for a term of 10 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 17th day of July, 2019.

John Johnston
United States Magistrate Judge

4